**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

CHRISTOPHER REES,

Plaintiff,

v.

Case No. __1:25-cv-1646__

HARBOR FREIGHT TOOLS CORPORATE,
LLC; HARBOR FREIGHT TOOLS USA,
INC.; and LONCIN MOTOR CO., LTD.

Defendants.

**NOTICE OF REMOVAL**

Defendants, HARBOR FREIGHT TOOLS CORPORATE, LLC and HARBOR FREIGHT

TOOLS USA, INC. (collectively "Harbor Freight"), pursuant to 28 U.S.C. §§ 1332, 1441, and

1446, respectfully file this Notice of Removal of this action from Superior Court 1 of Bartholomew

County, Indiana to the United States District Court for the Southern District of Indiana,

Indianapolis Division. For the reasons set forth below, removal is proper based on 28 U.S.C. §§

1332, 1441, and 1446.

**TIMELIINESS OF REMOVAL**

1.      On June 26, 2025, Plaintiff Christopher Rees ("Plaintiff") filed a Complaint in

Superior Court 1 of Bartholomew County, Indiana styled *Christopher Rees v. Harbor Freight*

*Tools Corporate, LLC, Harbor Freight Tools USA, Inc., and Loncin Motor Co., Ltd.,* Case No.

03D01-2506-CT-003718 (the "Complaint").

2.      Harbor Freight was served with a copy of Plaintiff's Complaint, the Summons and

a Service of Process Notice on August 4, 2025. A copy of Plaintiff's Complaint, the Summons and

the Service of Process Notice is attached hereto as **Exhibit 1**.

1

3.      Plaintiff's Complaint, the Summons and the Service of Process Notice are the only pleadings, process, and/or orders that have been served on Harbor Freight in this action to date.

4.      A review of the Indiana State court docket for this case shows that Defendant Loncin Motor Co. Ltd. ("Loncin Motor"), a Chinese Company, has not been joined and served in this action.

5.      This Notice of Removal is timely filed under 28 U.S.C. Section 1446(b) because fewer than thirty (30) days have passed since Harbor Freight received "through service or otherwise … a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." *See* 28 U.S.C. Section 1446(b). Further, since the Harbor Freight entities are the only Defendants who have been served, all Defendants that have been properly joined and served in this action have consented to the removal of this case pursuant to 28 U.S.C. Section 1446(b)(2)(A).

**JURISDICTIONAL BASIS FOR REMOVAL**

6.      This is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332 and is a case that may be removed to this Court pursuant to 28 U.S.C. § 1441 because it is an action between citizens of different states.

7.      A district court has original jurisdiction between "citizens of different States and in which citizens or subjects of a foreign state are additional parties…" 28 U.S.C. § 1322(a)(3). "A corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business…" U.S.C. § 1322(c)(1). Further, "an LLC is a citizen of every State of which any of the LLC's members is a citizen." *Halperin v. International Web Services, LLC,* 70 F. Supp. 3d 893, 904 (N.D. Ill. 2014).

8.      Plaintiff resides in Bartholomew County, Indiana and is therefore a citizen of Indiana.  Ex.1, Plaintiff's Complaint, ¶ 1.

9.      Defendant Harbor Freight Tools USA, Inc. is incorporated in Delaware with its principal place of business in California (Harbor Freight Tools USA, Inc.'s business entity filing information from the Indiana Secretary of State website attached as **Exhibit 2**). Therefore, Harbor Freight Tools USA, Inc., is a citizen of Delaware and California. *See* U.S.C. § 1322(c)(1)

10.     Defendant Harbor Freight Tools Corporate, LLC is a single member LLC and its sole member is Harbor Freight Tools USA Inc., who is a citizen of Delaware and California (Harbor Freight Tools Corporate, LLC's business entity and membership filing information from the Indiana Secretary of State website attached as **Exhibit 3**). Therefore, Harbor Freight Tools Corporate, LLC is a citizen of Delaware and California based on its sole member being a citizen of these states. *See* Exs. 1-3; *see also Halperin*, 70 F. Supp. 3d at 904.

11.     Defendant Loncin Motor is a foreign corporation incorporated under the laws of China with its principal place of business in Chonqing, China. Therefore, Loncin Motor is a citizen of  a foreign country (China). Ex.1, Plaintiff's Complaint, ¶ 16.

12.     Accordingly, this case satisfies federal diversity jurisdiction under 28 U.S.C. § 1322(a)(3) because there is complete diversity among Plaintiff and the domestic Harbor Freight defendants, and Loncin Motor is a citizen of a foreign country. *See Kennedy v. Schneider Electric*, 2019 WL 13216318, *1 (N.D. Ind. 2019) (citing *Hart v. Fedex Ground Package Sys., Inc.*, 457 F.3d 675, 676 (7th Cir. 2006)) ("In matters where there are multiple plaintiffs and multiple defendants, diversity jurisdiction requires complete diversity between the parties…'meaning that no plaintiff may be from the same state as any defendant.'"); *see also Zenith Electronics Corp. v. Kimball Intern. Mfg., Inc.,* 114 F. Supp. 2d 764, 768 (N.D. Ill. 2000) ("the language of § 1332(a)(3)

3

clearly dictates that federal diversity jurisdiction exists where aliens are additional parties in a suit between American citizens of different states.").

**AMOUNT IN CONTROVERSY IS SATISFIED**

13.    The Complaint alleges that on June 27, 2023, Plaintiff sustained traumatic injuries to his right hand while he was performing maintenance on a Predator Engine ("Engine") manufactured by Loncin Motor and distributed and sold by Harbor Freight. More specifically, Plaintiff alleges that the Engine "activated/turned/rotated" when it was "off", causing Plaintiff's right hand and fingers to be fed into and get caught between the drive belt and the pulley of the Engine when he was trying to remove the drive belt from the pulley around which it rotated. Ex. 1, Plaintiff's Complaint, ¶¶ 33-39.

14.    Plaintiff asserts that the traumatic injuries he sustained to his right hand and fingers "have left him permanently partially impaired" and that he has incurred economic losses including lost wages and out of pocket medical expenses, as well as non-economic losses including mental and emotional pain, anguish, and suffering." Ex. 1, Plaintiff's Complaint, ¶¶ 34-39.

15.    Moreover, on February 28, 2025, Plaintiff's counsel issued pre-suit correspondence to Harbor Freight in which Plaintiff asserted a settlement demand in the amount of $105,313.52, illustrating the amount in controversy exceeds $75,000 (a copy of this demand letter is attached as **Exhibit 4**). *See Carroll v. Stryker Corp.*, 658 F.3d 675, 682 n.2 (7th Cir. 2011) (where the court stated that settlement demands "are admissible to show that the amount in controversy for jurisdictional purposes has been met" and found the amount in controversy threshold was met, based on, inter alia, settlement offer received during pendency of dispute); *see also Lewis v. Sidelnikov*, 2024 WL 62805, *2 (S.D. Ind. 2024) (ruling that pre-suit correspondence can be utilized to show that the amount in controversy is met); *Gallo v. Homelite Consumer Products*,

371 F. Supp. 2d 943, 947-48 (N.D. Ill. 2005) (ruling that even though plaintiff did not explicitly allege damages in excess of $75,000 "a reasonable reading of the allegations of the complaint does make clear that more than $75,000 is at issue[]" because plaintiff alleges "severe and permanent injuries…[and] contends that he will be permanently hindered from working and will be 'liable for large sums of money for the care and treatment of his injuries on an ongoing and permanent basis.'").

16.    Thus, given this settlement demand and the extent of alleged damages and injuries asserted in the Complaint, it is clear the amount in controversy exceeds $75,000. *See Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 815-16 (7th Cir. 2006) (ruling that a settlement demand can be used to show that the amount in controversy exceeds $75,000 because it shows what a plaintiff's lawyer "thinks his loss amounts to…"); *see also Thomas v. Pratt Paper (IN), LLC*, 2024 WL 4212013, *2 (N.D. Ind. Sept. 16, 2024) (finding amount-in-controversy requirement for federal diversity jurisdiction met where settlement demand sought $150,000, even where plaintiff submitted affidavit stating she intended to seek no more than $66,000 in damages).

17.    Accordingly, the amount in controversy for this action, exclusive of interest and costs, exceeds the $75,000 jurisdictional minimum for federal diversity jurisdiction. *See* 28 U.S.C. § 1332(a).

## **PAPERS FROM REMOVED ACTION**

18.    Pursuant to 28 U.S.C. 1446(a), a "copy of all process, pleadings, and orders served upon Defendant" from the state court action in Bartholomew County is filed herewith as Exhibit 1.

**NOTICE TO PLAINTIFF**

19.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on Counsel for Plaintiff and filed with the Clerk of Superior Court 1 of Bartholomew County, Indiana, Case No. 03D01-2506-CT-003718.

**NOTICE TO STATE COURT WHERE REMOVED ACTION WAS PENDING**

20.     After the filing of this Notice of Removal, Harbor Freight will transmit a copy of this Notice of Removal to the Clerk of Superior Court 1 of Bartholomew County, Indiana as required by U.S.C. § 1446(d).

**LOCAL RULE 81-2**

21.     Pursuant to Local Rule 81-2(a), undersigned counsel verifies that a copy of the complete Indiana state court record in this case as of the date of removal is attached as **Exhibit 5**.

22.     Pursuant to Local Rule 81-2(d), a copy of the Plaintiff's operative Complaint from the State Court Record is attached as **Exhibit 6.**

23.     Pursuant to Local Rule 81-2(e), undersigned counsel verifies that at the time this case was removed from state court, there were no motions pending.

**NON-WAIVER OF DEFENSES**

24.     By removing this action from the Superior Court 1 of Bartholomew County, Indiana, Harbor Freight does not waive any defenses available to them or admit any of the allegations in Plaintiff's Complaint.

WHEREFORE, Defendants, HARBOR FREIGHT TOOLS CORPORATE, LLC and HARBOR FREIGHT TOOLS USA, INC. hereby remove the above-referenced action now pending against it in Superior Court 1 of Bartholomew County, Indiana to the United States District Court for the Southern District of Indiana, Indianapolis Division.

Dated:  August 19, 2025.                    Respectfully submitted,

                                            By: /s/William C. Swallow
                                            William C. Swallow
                                            Matthew J. Obiala
                                            **CLYDE & CO US LLP**
                                            30 S. Wacker Dr., Suite 2600
                                            Chicago, IL 60606
                                            T: (312) 635-7000
                                            F: (312) 635-6950
                                            E: bill.swallow@clydeco.us
                                            E. matt.obiala@clydeco.us

                                            *Attorneys for Harbor Freight*